Thank you, Your Honors. I'm Gary Lassen for Dr. Paul Moore. I'd like to reserve three minutes for my rebuttal. All right. Without being cute or trite, due process does not end when you finally get to the superintendent's office. The school superintendent of the Murphy Elementary School District in Central Phoenix, in fact, where the capital of our state is located, was subject to the most egregious set of due process violations imaginable, where he entered into a fully performed settlement agreement, negotiated, and then officially imposed by the board. Well, first of all, that's a breach of contract, right? It's a breach of a settlement agreement, Your Honor. Breach of contract, in other words. Which is a contract. Correct. And that's our State court action. Are you pursuing your contractual remedies otherwise, too? Yes, Your Honor. Let me move right to due process. Right. But the breach of contract cause of action has nothing to do with the due process claim, does it? The due process claim, correct. What happened after they breached or when they ignored their settlement agreement is what breached due process. They unilaterally, three board members unilaterally went out and selected a lawyer. So what? Okay. Well, that's, they have no legal authority to do that. So how is that a violation of due process? Okay, we get to it. They go in and have that lawyer receive confidential attorney-client communications, advise the board, engage upon a secret course of action without taking legal action, and then that lawyer becomes the prosecutor. Okay. So tell me exactly what the constitutional violation is that underscores your due process claim. Exactly, Your Honor. The United States Supreme Court case of Withrow v. Larkin in 1975 is often cited, cited many times by myself, for the proposition that the mere combination of administrative and adjudicated functions without more does not constitute due process violations. But when there's more, it does. Here we have admitted bias. What's the more here, the plaintiff? Pardon me? Is it the plaintiff that's the more? I'm sorry. Well, I, you know, look at me. Is there something more? The more? Your Honor, many sleepless nights that I have suffered since these events, more and more and more is always on my mind, and I appreciate your lightening it up here. But what we really have here is money. Our Arizona Supreme Court, in the case that I lost, R.L. Augustine said that a scheme where a party to a contract. We're not talking about contract. That's the problem. I think you're mixing your causes of action. The contract cause of action has nothing to do with the due process unless you're saying that the contract created a property interest that's been violated. Is that your argument? Well, that is an argument. But, Your Honor, what I'm saying is the contract action was the breach of the settlement agreement. I'm talking about his contract right and his property interest, where a party to a contract for term for a balance of $450,000 cannot determine that the other side has breached the contract by foisting  out of whole cloth a system that's designed to terminate teachers. In fact, the use of a system to terminate teachers, I submit, in and of itself is a violation of due process because it could only be utilized in accordance with the strict requirements that allowed it to be constitutional. School districts in our State, unlike other States that I'm familiar with, have absolutely, absolutely no inherent authority. They only have the State is the educational institution through the State superintendent of public instruction and the legislature that specifically specifies what authority they have. You know, you started out several minutes ago, but you still haven't told us what more there is besides the fact that the district is interested in the contract. Okay. There's money. There's bias. They admitted in court. Money just means they have an interest. What else is there? What's something more? Well, the more is they have already determined ahead of time the outcome, two. And three, they are acting as prosecutor, judge, and in this case, police. I know, but that's not the something more. You still haven't told me what something more is. Well, I apologize, but in looking at the cases and looking at Withrow itself, more includes pecuniary interest. The cases that are going to be used in this case are pecuniary interest. But what's the pecuniary interest there? The pecuniary interest is the amount at contract. They cannot go out and hire another superintendent until they get rid of the existing one. They have an obligation to him. They did. They got rid of the existing one. Yeah, in violating his due process rights, Your Honor. Yeah, that's a circular argument. Okay. But when you use a process, it's that. It's not as if they're saving money by this. If they fire employee X, they have to hire employee Y. Correct. So it's the – I don't see where the monetary aspect comes in. Well, the monetary aspect is they – that issue, and that was the issue in the Arizona Supreme Court case cited in Arbreeze of Augustine. They have a vested interest to not have to pay him, because they'd have to pay him the balance of contract plus hire someone else. So they'd have to pay twice. But they also determined ahead of time the outcome. That is admitted in court. On December – in the December arguments in the filings of December 7th, they say he is a dysfunctional superintendent. We can't live with him anymore. We have to go forward with this administrative process. The process itself under cases construed in the Basic Constitution has to meet certain goals. There – you just – it violates fundamental notions. You needed to have a separate lawyer act as the advisor to the board. Did you want to save any time for rebuttal? Yes, Your Honor, and I would save that now. Thank you. All right. Good morning, Your Honors. Eileen Gilbride for the defendants. I don't know if you want me to start with the open meeting law claim or not, but it's my first time All right. Then I will quickly go through each of the claims. The court properly dismissed the open meeting law claim, which was the first one, because it failed to allege that a quorum of the board had a meeting outside of the open meeting law. If you look at this entire process taken together, was it unique in the history of this board? Had they ever done anything like this before? I honestly don't know the answer to that question, Your Honor. What we're looking at here today is this complaint, and it just failed to state a claim. I don't know the answer to that question, but I can certainly examine it and brief you on it, file a supplemental brief if you – if it's necessary. But on this particular complaint Well, I mean, read liberally, I think what your adversary is saying is that no one aspect of this maybe constituted a violation of due process, but the combination of all these circumstances deprived him of a fair hearing. Well, I And at least there's a suggestion, taking it most favorably to your adversary, that this was very ad hoc, to say the least. And it wasn't. Your Honor, Dr. Moore didn't even show up to the administrative hearing, let alone complain that there was something wrong with it. And so I think what we need to do is examine what he said, what he alleged in his complaint, because that's what the district court examined. Did he state an open meeting law claim? He didn't, because all he alleged was that individuals consulted with an attorney. That doesn't state an open meeting law claim. And it doesn't – he didn't even have standing to make that argument, because he had to argue – or he had to allege that the open meeting law violation affected him. To get there, you would have to determine that the board illegally hired Lewis Enroca, which Lewis Enroca decided to terminate him, and if it had legally hired Lewis Enroca, he wouldn't have been terminated. That's just – that doesn't meet the plausibility – the facial plausibility standard of Iqbal. If we go on to Count 2, plaintiff doesn't take issue with the remand of Count 2. He seems to argue – he seems to question what exactly was remanded and the scope of the remand. That's an issue for the State court. There is – Sotomayor, is that the Richard Contract Claim? Is that the Richard Contract Claim, Count 2? Yes. Yes. And actually, it's being litigated in State court. Several claims are being litigated in State court. The third claim was the due process claim, and that's the one that counsel started with. And again, what we need to stick with is what the complaint alleged. Count 3 alleged that he was afraid that the district would violate his due process rights in the future.  It was, Your Honor. And he – and the complaint was filed before the administrative process occurred. And so he couldn't have alleged a past due process violation. And a future – a fear of a future due process violation doesn't state a claim. Counsel, you would admit – well, maybe not – wasn't it a little unusual that there was discipline given, accepted, and then rescinded? That does not occur in the ordinary course of employment affairs. Again, I don't have the answer to that question. I don't know if it does. But if we're talking about the substance of his claim, that's being litigated in State court. If he has a breach of contract claim, that's being litigated in State court. Well, that wouldn't be breach of contract, would it, if – that could be a violation of due process. If someone is given a suspension for a particular event, take the suspension, serve the suspension, and then that's rescinded, and they've relied on that – on that decision by the governing body, and then the governing body says, no, we take it back, now you're going to be fired. Why wouldn't that be a violation of due process to, in essence, punish him twice for the same conduct? Well, first of all, when they rescinded the suspension, they – they expunged it from the record and paid him for the 30 days. And so they undid what they – the original suspension. Second, that would only be a due process violation. All due process entitles him to is notice and an opportunity to be heard. And he got that. He decided not to show up at the administrative hearing. That's his business. But he got his notice and opportunity to be heard. And Your Honor mentioned that – But substantive due process could say that this is so outrageous that it violates the bounds of decency, and therefore, he's entitled to relief. So it's not – I mean, notice and – and opportunity to be heard after there's already been outrageous conduct doesn't really mean very much. Well, A, he didn't allege outrageous conduct. A substantive due process shocks the conscience claim in his complaint. But B, the Ninth Circuit, this Court has held that if you're talking about a property interest, as Your – as Your Honor mentioned before, he has to allege that he – it is impossible for him to get another job. It has to be extreme. And he hasn't alleged that at all. And so even in that – even if we read his complaint liberally, it doesn't – it doesn't do enough to state a claim. Well, the reason I ask that question is because then there would be the issue of whether he should be allowed leave to amend – to assert that claim. Well, he – again, he's already litigating in state court. In fact – Well, not the due process. He wouldn't be – he would not be litigating the substantive due process claim in state court. That's true, because he didn't – honestly, our position is that he didn't raise one. He didn't raise a substantive due process. That's not the point. The point is can his complaint be amended to allege one? I think it's too late for him to do that now. Your Honor might disagree with me, but – but I think we'll have to agree to disagree on that. If he had tried to allege it in the first place, we would have been able to respond to that in our motion to dismiss. He amended once, didn't he? He did amend once, both in the state court. It was the amended complaint that first stated the Federal claim that allowed us to remove here. Both complaints were dismissed. Finally, I have two minutes left with the removal issue. Counsel didn't get to that, but the original complaint did not state a Federal claim. It stated two counts. The first one was for declaratory judgment contract, alleged – he alleged basically a breach contract and Arizona constitutional due process. And the second claim was declaratory action, Arizona constitutional rights violation. It just didn't state a Federal claim. Not until the amended complaint did he first state a Federal claim, and so the removal was timely. Do Your Honors have any other issues or questions that they would like to ask on the due process issue or any others? It appears not. Thank you, Counsel. We would ask you to affirm. Thank you. If I may quickly address these. First of all, the open meeting law, as it exists since 1982 in our state, allows that even lawyers from a private law firm can violate the open meeting law if they take action either in an illegal meeting or facilitating illegal action. Clearly that happened here. These three When you talk about – when you look at the cases After the – forgive me for interrupting. After the claim, after the suit was removed to Federal court, you did not seek to further amend, did you? No, Your Honor. We had – well, there was a remand, but that's a very good point. The problem with that question, and I have it here to reply to, we have a – the substantive issue regarding due process is in large part related to our breach of contract claim that was not ripened under the notice of claim statute. We had a notice of claim filed on February 8, 2010, not ripened until April. And so when we got the remand, we immediately went in and filed tort and contract claims or sought to amend those. The problem we faced in so doing was the argument that raised judicata precluded due process to be added to that. So we were in a – and we also at that point had a – had to appeal the administrative decision under Administrative Review Act. A couple of incorrect – So – but just so I'm clear, so the answer to my question is, yes, you did not seek to amend. Not in Federal court, correct, no. We also – Dr. Moore didn't get all his money back. Far from it. There's just Gilbride. Well, but – He got $4,000, never returned to him. It's in his affidavit in the exhibits of record. He also lost $18,000 in leave. He lost his computer. He lost his reputation. Now, the argument that they make, that somehow he couldn't get a job, that wasn't yet right. He was still getting paid at the time this action – the court was exactly on point. We should have been given an opportunity. It should have been dismissed with leave to amend. Our substantive due process was erased. Again – Why didn't you allege that, though, in your amended complaint? We did in our – well, because, Your Honor, candidly, we couldn't allege that without the notice of claim statutes because it was a damage claim. You cannot make any damage claim against a public entity in our State without – and we didn't want to put all our eggs in one basket. The other aspect of that is, you know, there were just so many things. And, candidly, we thought from day one that the settlement agreement was so dispositive, it was so performed. And we do have cases, and there's a new case in district court which I neglected to cite, actually from Judge Campbell himself, that says even a suspension without – with pay under circumstances like this can constitute discipline that could if later discipline occurs be a due process violation. Now, Judge Campbell did not dismiss the due process cause of action without leave to amend, did he? He just dismissed it. And generally, if there's a dismissal, it's presumed to be with leave to amend, right? Well, I – you know, I – he dismissed and then he remanded. And to be honest, the effect of his ruling is more than confusing, to me at least. And it's created a lot of confusion not only for me but for the State Judiciary. All right. Counsel, you've exceeded your time. Could you wrap up? Thank you, Your Honor. Okay. Thank you. Thank you to both counsel for arguing in this case. The case is submitted for decision by the court.
judges: Tashima, Rawlinson, Cjj Rakoff (S. New York), Dj